UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Cr. No.: 7:10-cr-01188-GRA-1 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Aaron Taqhwan Robinson, | ) | (Written Opinion) |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant Aaron Taqhwan Robinson's ("Defendant's") Motion to Reduce Sentence. The Court finds that the relief Defendant seeks is properly set forth in a petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Accordingly, the Court will reserve judgment on this motion until Defendant responds to the above-captioned matter being construed as a § 2255 motion or the twenty-day time period for objections, as set forth in this Order, expires.

**Standard of Review**

Defendant brings this motion *pro se*. This Court is required to construe liberally pleadings filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

The liberal construction requirement does not mean that a court can ignore a clear failure to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Liberal construction means that if the court can reasonably read the pleadings to state a valid claim on which the party could prevail, it should do so; however, a district court may not rewrite a motion to include claims that were never presented, *see Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the party's legal arguments for him, *see Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

On June 28, 2011, Defendant was sentenced to a term of 57 months imprisonment followed by three (3) years of supervised release after pleading guilty to being a felon a possession of a firearm and ammunition in violation of 18 U.S.C. §§ 924(a)(2), 924(e), and 922(g)(1). ECF No. 29. Defendant did not file a direct appeal of his conviction and sentence.

## Discussion

In the instant motion, Defendant seeks to have the Court reduce his sentence. ECF No. 32. The Court finds that the appropriate vehicle for Defendant to attack his sentence is a petition pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. However, such a

construction may have serious implications for Defendant due to the procedural limitations on § 2255 petitions, and may limit his ability to pursue his claims. Therefore, these limitations will be briefly outlined.

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner seeking federal habeas relief essentially operated under no statutory time limitation. On April 24, 1996, the President of the United States signed the AEDPA into law. *See* Pub. L. No. 104-132 (1996). The AEDPA instituted a one-year statute of limitations for filing motions pursuant to 28 U.S.C. § 2255. The AEDPA's amendments to 28 U.S.C. § 2255 provide, in relevant part, that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In addition to the time limitations above, petitioners are also limited in the number of petitions they are allowed to make. Under the AEDPA, an individual is not permitted to "file a second or successive . . . § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In Re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (citations omitted). Section 2255 provides:

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *See also* 28 U.S.C. §§ 2244, 2253.

Since a prisoner is entitled to file only one § 2255 petition without seeking permission from the court of appeals, the United States Court of Appeals for the Fourth Circuit has implemented certain safeguards for prisoners before their filings may be construed as a § 2255 petition. *See United States v. Emmanuel*, 288 F.3d 644 (4th Cir. 2002). The Fourth Circuit requires that before a district court re-characterizes a filing as a § 2255 petition, it must: (1) notify the petitioner of this decision, (2) advise the petitioner of the statutory and

procedural limitations on § 2255 petitions discussed above, and (3) provide a reasonable opportunity to respond to the re-characterization. *Id*. at 649. Moreover, the petitioner must be given the opportunity to amend the motion to include all grounds he wishes to raise in a § 2255 petition. *Castro v. United States*, 540 U.S. 375, 377 (2003).

In compliance with this directive, the Court is providing Defendant twenty (20) days from the date this order is entered (plus three days for mail time pursuant to FRCP 6(d)) to inform, in writing, the Clerk's Office in Greenville, South Carolina, if he does not wish the above-captioned matter to be treated as a § 2255 petition. Defendant shall also be granted leave to amend his current motion to assert any additional grounds for relief he wishes to raise in a § 2255 petition. If at the end of the period specified in this Order, the Clerk's Office has not received a response from Defendant, the above-captioned case will be treated as a § 2255 petition and ruled on accordingly.

In any event, if this motion is re-characterized as a § 2255 petition, it appears that the action would be barred as untimely under the AEDPA's one-year limitation period. *See* 28 U.S.C. § 2255(f). The limitations period begins to run on a petitioner's § 2255 petition after the judgment of conviction becomes final. When a defendant chooses not to appeal his federal criminal judgment, the conviction becomes final when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524–25; *United States v. Sanders*, 247 F.3d 139,

142 (4th Cir. 2001) (explaining that a petitioner's conviction became final on the date she declined to pursue further direct appellate review). Under the Federal Rules of Appellate Procedure, Defendant had fourteen (14) days to appeal his conviction and sentence after judgment was entered on July 5, 2011. Fed. R. App. P. 4(b)(1)(A). Defendant's conviction, therefore, became final on July 19, 2011. Thus, the one-year period of limitations to file a motion pursuant to § 2255 expired on July 19, 2012. The current motion was filed by Defendant on August 7, 2013.[1] Therefore, the motion clearly appears untimely on its face.

The Court may raise the one-year limitation period *sua sponte*. *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). However, before a court can *sua sponte* dismiss a habeas petition as untimely, it must provide the petitioner "notice and an opportunity to respond." *Id.* at 707. Accordingly, because the AEDPA's one-year limitation period may be an issue if this matter is re-characterized as a § 2255 petition, if Defendant does not object to such re-characterization, then Defendant shall, within twenty (20) days from the date this order is entered (plus three days for mail time pursuant to FRCP 6(d)), demonstrate to the Court that the § 2255 petition would be "filed within the proper time period." *Id.* at 708.

**IT IS THEREFORE ORDERED** that Defendant has twenty (20) days from

---

[1] A *pro se* prisoner's petition is deemed filed at the time that it is delivered to the prison mailroom to be forwarded to the district court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). The date that the petition was delivered to the prison mailroom does not appear on the envelope, but the earliest date on the envelope is the August 7, 2013 postmark. ECF No. 32-1. Thus, the Court will give the Defendant the benefit of this date.

the entry of this Order to notify the Clerk of Court if he does not wish for his motion to be construed as a § 2255 petition or to assert any additional grounds for relief he wishes to raise in a § 2255 petition.

**IT IS FURTHER ORDERED** that, if Defendant does not object to the Court re-characterizing his motion as a § 2255 petition, then Defendant shall, within twenty (20) days of the date of this Order, demonstrate to the Court that the § 2255 petition would be timely filed.

**IT IS SO ORDERED.**

*[signature]*

G. Ross Anderson, Jr.
Senior United States District Judge

August 21, 2013
Anderson, South Carolina